## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

———————————————————

| | |
|---|---|
| THE HARTZ MOUNTAIN ) | |
| CORPORATION, ) | Civil Action No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| v. ) | |
| ) | |
| KRAT 1 LLC d/b/a ) | |
| AMAZON SELLER BLUEFROG, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

———————————————————)

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff The Hartz Mountain Corporation ("Hartz" or "Plaintiff"), by and through its undersigned counsel, complains of Defendant Krat 1 LLC's d/b/a Amazon Reseller BlueFrog's (Amazon Seller ID A2Y8Q9UN33ON4F) ("Defendant") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1.      Hartz seeks injunctive relief and monetary damages for Defendant's false advertising, and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and violations of state law, arising from Defendant's improper sale of Hartz Products, use of trademarks owned and used by Hartz, and unfair and deceptive business practices.

2.      As described in more detail below, Defendant has falsely advertised and continues to falsely advertise Hartz products through online commerce sites, including, but not limited to, Amazon.com. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Hartz.

3.      As a result of Defendant's actions, Hartz is suffering a loss of the enormous goodwill that Hartz has created in its trademarks and is losing profits from lost sales of products.  This action seeks permanent injunctive relief and damages for Defendant's infringement of Hartz's intellectual property rights.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1367, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

5.      Defendant is subject to personal jurisdiction in this forum because it is a Pennsylvania limited liability company with its principal place of business in Luzerne County within this District; because Defendant is physically located in the Commonwealth of Pennsylvania and sells products within the United States, the Commonwealth of Pennsylvania, and this District; because Defendant misrepresented the nature of products to residents of the United States, the Commonwealth of Pennsylvania, and this District; because Defendant has caused

injury to Plaintiff in the United States, the Commonwealth of Pennsylvania, and this District; because Defendant practices the unlawful conduct complained of herein, in part, within the United States, the Commonwealth of Pennsylvania, and this District; and because Defendant regularly conducts or solicits business within the United States, the Commonwealth of Pennsylvania, and this District.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this District in that it is subject to personal jurisdiction in this District and committed acts in violation of the Lanham Act and unfair and performed deceptive business practices in this District.

## PARTIES

7.      Plaintiff The Hartz Mountain Corporation is a New Jersey corporation with its principal place of business in Secaucus, New Jersey.  Hartz develops, markets, and sells a variety of pet care products.  Hartz sells its products under the Hartz brand (the "Hartz Products") throughout the United States.

8.      Defendant Krat 1 LLC is a Pennsylvania limited liability company with its principal place of business located at 140 Hazel Street, Wilkes-Barre, Pennsylvania 18702. Defendant does business, and has done business and sold products, including Hartz Products, to consumers within the Commonwealth of Pennsylvania and this District through various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to,

3

"BlueFrog" (Amazon Seller ID A2Y8Q9UN33ON4F). Defendant is an unauthorized dealer of Hartz Products.

## FACTS

### *Hartz's Trademark Usage*

9.     The U.S. Patent and Trademark Office ("USPTO") has issued several registrations for marks used with pet care products (hereinafter, the "Hartz Marks"). The Hartz Marks include, but are not limited to:

| Mark | Registration Number/ Serial Number | Registration Date/ Filing Date |
|------|------------------------------------|--------------------------------|
| **Hartz** | 9,7120,819 | November 11, 2021 |
| **HARTZ** | 6,318,647 | April 13, 2021 |
| **HARTZ** | 3,222,910 | March 27, 2007 |
| **HARTZ** | 0,993,444 | September 24, 1974 |
| **HARTZ** | 0,993,373 | September 24, 1974 |
| **HARTZ** | 1,017,875 | August 12, 1975 |
| **HARTZ** | 0,943,059 | September 19, 1972 |

10.     The Hartz Marks have been in continuous use since at least their respective dates of registration.

11.     Hartz advertises, distributes, and sells its Hartz Products to consumers under the Hartz Marks.

12.     Hartz has also acquired common law rights in the use of the Hartz Marks throughout the United States.

13.     The federal trademark registrations for the Hartz Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Hartz Marks.

14.     Hartz has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Hartz Marks throughout the United States and the world.  As a result of such advertising and promotion, Hartz has established substantial goodwill and widespread recognition in the Hartz Marks, and the Hartz Marks have become associated exclusively with Hartz and the Hartz Products by both customers and potential customers, as well as the general public at large.

15.     To create and maintain such goodwill among its customers, Hartz has taken substantial steps to ensure that products bearing the Hartz Marks are of the highest quality.  As a result, the Hartz Marks have become widely known and are recognized throughout the United States and the world as symbols of high quality products.

16.     As a result of, *inter alia*, the care and skill exercised by Hartz in the conduct of its business, the high quality of the goods sold under the Hartz Marks, and the extensive advertising, sale, and promotion by Hartz of its products, the Hartz Marks have acquired secondary meaning in the United States and the world, including this District.

17.     Hartz is not now, nor has it ever been, affiliated with Defendant, and has not now, nor has it ever, given Defendant permission to use any of the Hartz Marks.

**Defendant's Infringing and Improper Conduct**

18.     Hartz has never authorized or otherwise granted Defendant permission to sell Hartz Products.  Defendant is not a Hartz authorized reseller. Accordingly, Defendant is not authorized to sell Hartz Products.

19.     Despite this, Defendant has sold and is currently selling Hartz Products on various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "BlueFrog" (Amazon Seller ID A2Y8Q9UN33ON4F).

20.     Defendant offers for sale and sells Hartz Products on the Internet using the Hartz Marks.

21.     The Hartz Products that Defendant sells online through Amazon.com are advertised as being in "new" condition.

22.     The below are a examples of Defendant's product listings advertising

Hartz Products:





23.    The Hartz Products that Defendant offers for sale and sells online are advertised as being in "new" condition.



24.    Defendant is offering for sale "new" Hartz Products on the Internet, including but not limited to, Amazon.com, but fulfilling the orders to consumers with used, returned, and/or liquidated Hartz Products previously sold and later purchased by Defendant at liquidation. Such liquidated products have been purchased and sold once previously, are used and/or returned products, and may be in damaged condition, and therefore are used and not "new" as Defendant advertises.

25.    For example, Hartz Products purchased from Defendant were received in damaged and/or opened condition:





26.    Defendant represents that the Hartz Products it lists for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are "used" and/or returned products or products bought at liquidation, rather than in "new" condition.

27.    Defendant's promotion and sale of Hartz Products on the Internet without authorization or license creates the false impression that Defendant is authorized by Hartz to sell Hartz Products, when it is not, and has caused consumer confusion and disappointment.

28.    In addition to harm to consumers, Defendant's promotion and sale of Hartz Products on the Internet without authorization or license directly harms Hartz.

When consumers purchase Hartz Products from Defendant, they expect that the products they receive are new and in proper working order.  Instead, their image of Hartz is diminished because they receive liquidated, used, or non-genuine products of unknown origin.  Hartz's opportunity to sell genuine, high-quality products to those consumers may be lost forever.  As a result of Defendant's conduct, Hartz has suffered and continues to suffer substantial and irreparable harm to its brand, image, business, and goodwill with the public.

29.    On April 1, 2024, a recent customer of Defendant named Charlie S. left the following 1-star (out of 5-stars) feedback after purchasing a product from the Defendant:

> "I purchased a new item and received a used item that was used and covered in scotch tape. So disappointed."

30.    On April 3, 2024, a recent customer of Defendant named Katarina left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

> "Description was 'NEW' item was used and abused."

31.    On April 4, 2024, a recent customer of Defendant named AMR left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

> "Item was obviously used and repackaged as new, but has a 'New Item' price. What a waste of time. No one would have mistaken this for a new product."

11

32.     On April 18, 2024, a recent customer of Defendant named Dylan Lewis

left the following 1-star (out of 5-star) feedback after purchasing a product from the

Defendant:

"Sent me a used product listed as brand new. Disgusting."

33.     On April 29, 2024, a recent customer of Defendant named Ambrose

Cheung left the following 1-star (out of 5-star) feedback after purchasing a product

from the Defendant:

"Product arrived damaged due to poor packaging. There is also a big
scratch/cut on the product was surely there before [ ] it was shipped."

34.     On May 4, 2024, a recent customer of Defendant named KingInYellow

left the following 1-star (out of 5-star) feedback after purchasing a product from the

Defendant:

"Seller is a scammer, not a bright one either. Tried to replace sealed
packs with opened packs stuffed with nothing but commons. This seller
should not be allowed to continue selling."

35.     On May 11, 2024, a recent customer of Defendant named Anderson J.

left the following 1-star (out of 5-star) feedback after purchasing a product from the

Defendant:

"The seller sent me a product in very poor condition".

36.     On May 14, 2024, a recent customer of Defendant named Rose left the

following 1-star (out of 5-star) feedback after purchasing a product from the

Defendant:

"Box was open and product was used."

37.    On June 2, 2024, a recent customer of Defendant named Alan left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

"Obviously a previously returned item."

38.    On June 6, 2024, a recent customer of Defendant named Lucas Moorehead left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

"Horrible scam of a company. They list items way above their condition. False listings. Then they take a month to actually ship it. Not only that but they don't package it well. Amazon affiliate so they blame amazon but its actually their fault for false listings and not taking responsibility. Impossible to get ahold of."

39.    Also on June 6, 2024, a recent customer of Defendant named "_SellerProductReview" left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

"I ordered a new product and what was delivered as an opened products with a security seal on internal packing broken."

40.    On June 16, 2024, a recent customer of Defendant named Cris left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

"Correct box but item was swapped out for cheaper product. Box was also opened and damaged. I don't know how you could miss this, seems very irresponsible or intentionally fraudulent."

41.     On June 24, 2024, a recent customer of Defendant named Brenda Cross left the following 1-star (out of 5-star) feedback after purchasing a product from the Defendant:

> "This item was sent and used and dirty condition. The package was resealed you would think that they would check the item before reselling.

42.     Offering Hartz Products as "new" despite the fact that they are used, liquidated, and/or non-genuine products of unknown origin results in poor brand experiences such as the examples above.

43.     Defendant's conduct results in consumer confusion, the dilution of Hartz's goodwill and trade name, as well as lost sales and profits of actual "new" Hartz Products.

44.     Defendant is also improperly manipulating the online review system and falsely advertising its positive online review score in order to deceive customers and improperly compete with Hartz for sales.

45.     Defendant's storefront lists the following:



14

46.    Defendant goes so far as to claim that only 1% of its reviews are 1-stars, has had no review of 2-stars or 3-stars, and only a handful of 4-star reviews.

**Reviews**

★★★★★  4.9 out of 5
1,353 ratings

[ 12 months ▾ ]

| 5 star | 88% |
| 4 star | 11% |
| 3 star | 0% |
| 2 star | 0% |
| 1 star | 1% |

47.    Customers rely upon and use the above positive rating when deciding which merchant to make a purchase from.

48.    However, Defendant's true rating is far lower than it appears, as Defendant is purposefully hiding poor reviews by falsely reporting these reviews as being the fault of the fulfillment service. In short, Defendant is purposefully suppressing honest negative reviews it has received from customers.

49.    After receiving a poor customer review, Defendant falsely reports the poor customer review as being the fault of the fulfillment service with full knowledge that the fulfillment service had no part in the product which created the poor customer experience.

50.    When reported in this manner, the review does not count towards the seller's feedback score.

51.    Despite holding itself out to consumers as having 99% positive feedback over the last 12 months with 1,353 reviews, with zero percent reviews of 2-stars or 3-stars and one percent of reviews of 1-star, approximately 505 of Defendant's customers have left a 1-star review, 138 have left a 2-star review, and 98 have left a 3-star review. Thus, instead of the insignificant and almost non-existent poor reviews as reported, Defendant has received approximately *741 poor reviews* in the last twelve months.

52.    By falsely reporting the poor feedback as a *fulfillment* issue with full knowledge that it is instead a *product* issue, Defendant purposefully manipulates the feedback to artificially inflate its feedback and positivity score all to its benefit but to the detriment of unsuspecting customers and legitimate resellers who do not engage in this practice.

53.    But for Defendant's manipulation and purposeful suppression of honest negative reviews, it would have a far lower feedback and positivity score resulting in far less sales to Defendant and far more sales to Hartz (which uses Amazon as a retailer).

54.    As described in detail above, Defendant intentionally advertises and sells Hartz Products in ways that are likely to deceive consumers and create

consumer confusion. Hartz has contacted Defendant previously regarding Defendant's false advertising and other improper conduct but did not receive a response.

55.    Defendant's continued advertisement, display, and sale of Hartz Products bearing the Hartz Marks has harmed, and continues to harm, Hartz and its relationship with consumers.

***Likelihood of Confusion and Injury Caused by Defendant's Actions***

56.    Defendant's actions substantially harm Hartz by placing infringing, falsely advertised Hartz Products into the stream of commerce in the United States.

57.    Defendant's advertisement and sale of "new" Hartz Products bearing the Hartz Marks without the substantial and specific quality controls that Hartz requires of its Authorized Internet Resellers is likely to cause—and has caused—confusion and disappointment among consumers regarding Hartz's sponsorship or approval of those products.

58.    Defendant's advertisement and sale of "new" Hartz Products bearing the Hartz Marks that were previously bought at liquidation and/or returned is likely to cause—and has caused—confusion and disappointment among consumers regarding Hartz's sponsorship or approval of those products.

59.    Defendant's actions substantially harm Hartz and consumers who ultimately purchase Defendant's falsely advertised Hartz Products believing them to

be the same high-quality Hartz Products that they would receive from Hartz or an Authorized Internet Reseller. Defendant's actions cause consumers to not receive the products they intended to purchase.

60.   Defendant's actions substantially harm Hartz's goodwill and reputation when consumers learn that the Hartz Products they purchased 1) are used Hartz Products previously bought at liquidation or returned; and 2) not protected by Hartz'a quality controls and customer service support.

61.   Defendant's conduct likely results in consumer confusion as well as the dilution of Hartz's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

62.   The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements, as described in detail in Paragraphs 29–43 of this Complaint.

63.   Moreover, the sale of Hartz Products by unauthorized resellers, such as Defendant, interferes with Hartz's ability to control the quality of products bearing the Hartz Marks.

64.   As a result of Defendant's actions, Hartz is suffering the loss of the enormous goodwill it created in the Hartz Marks.

65.     Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Hartz's irreparable harm.

<u>**COUNT I**</u>
<u>**False Advertising in Violation of 15 U.S.C. § 1125(a)**</u>

66.     Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

67.     This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

68.     Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

69.     The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz's products and services.

70.     By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

71.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products.  These advertisements contain actual misstatements and/or misleading statements, including the authenticity, origin, and

condition of these products and/or the positivity or feedback rating of its storefront. These false statements actually deceive, or have a tendency to deceive, a substantial segment of Hartz's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Hartz's customers.

72.     By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

73.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

74.     By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

75.     As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Hartz's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Hartz is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT II
## False Designation of Origin in Violation of 15 U.S.C. § 1125(a)

76.    Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77.    This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

78.    Hartz engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Hartz Marks, throughout the United States.

79.    The Hartz Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Hartz products and services.

80.    By selling or distributing products using the Hartz Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Hartz and its goods and services in violation of 15 U.S.C. § 1125(a).

81.    By advertising or promoting products using the Hartz Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

82.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Hartz Marks, thereby causing immediate, substantial, and irreparable injury to Hartz.

83.     By selling and advertising products under the Hartz Marks as alleged herein, Hartz is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

84.     As a direct and proximate result of Defendant's actions, Hartz has been, and continues to be, damaged by Defendant's activities and conduct, including but not limited to the loss of sales of properly advertised and new products.  Defendant has profited thereby, and unless its conduct is enjoined, Hartz's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages.  Accordingly, Hartz is entitled to injunctive relief.

## <u>COUNT III</u>
### (Violations of California Business and Professions Code § 17200 *et seq.*)

85.     Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

86.     The California Unfair Competition Law, codified at Business and Professions Code sections 17200, *et seq.*, prohibits any unlawful, unfair, or fraudulent business act or practice.

22

87.     Defendant's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or fraudulent business acts and practices within the meaning of California Business & Professions Code §§ 17200, *et seq.*

88.     Defendant's misconduct as described above occurs wholly or partly within California and has a tendency and likelihood to deceive members of the public.

89.     The foregoing acts and practices have caused substantial harm to Hartz.

90.      As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Hartz has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

91.     Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Hartz of property and/or legal rights or otherwise causing injury.  Defendant's conduct subjected Hartz to unjust hardship in conscious disregard of Hartz's rights, such as to constitute malice, oppression, or fraud under California Civil Code § 3294, thereby entitling Hartz to an award of exemplary and punitive damages in an amount appropriate to punish or set an example of Defendant.

## COUNT IV
### (Violations of N.Y. General Business Law § 349)

92.    Hartz hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

93.    N.Y. General Business Law § 349 prohibits any deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

94.    Defendant's acts, omissions, misrepresentations, and/or practices occurred wholly or partly within New Tork and constitute deceptive acts or practices within the meaning of N.Y. General Business Law § 349.

95.    Defendant's misconduct has a tendency and likelihood to deceive members of the public.

96.    The foregoing acts and practices have caused substantial harm to Hartz.

97.    As a direct and proximate cause of the unlawful, unfair, and fraudulent acts and practices of Defendant, Hartz has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

98.    Defendant's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Hartz of property and/or legal rights or otherwise causing injury.

## **RELIEF REQUESTED**

WHEREFORE, Hartz prays for judgment in its favor and against Defendant providing the following relief:

A.    Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider, from:

    i.    using, or attempting to use, any of Hartz's intellectual property, including, but not limited to, the Hartz Marks;

    ii.    acquiring, or taking any steps to acquire, any Hartz Products;

    iii.    selling, or taking any steps to sell, any Hartz Products;

    iv.    engaging in any activity constituting unfair competition with Hartz; and

    v.    inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities decried in the paragraphs above;

B.      Award Hartz its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and applicable state law;

C.      Enter judgment that Defendant's acts of infringement have been knowing and willful;

D.      Award Hartz its reasonable attorneys' fees in bringing this action as allowed by law;

E.      Award Hartz pre-judgment and post-judgment interest in the maximum amount allowed under the law;

F.      Award Hartz exemplary and punitive damages pursuant to California Civil Code § 3294; and

G.      Award Hartz the costs incurred in bringing this action;

H.      Award Hartz other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Hartz hereby requests a trial by jury on all claims so triable.

Dated: July 25, 2024                    Respectfully submitted,

                                        */s/ Jonathan R. Vaitl*
                                        Jonathan R. Vaitl (Pa. ID 324164)
                                        K&L Gates LLP
                                        17 North Second Street, 18th Floor
                                        Harrisburg, PA 17101
                                        Telephone: (717) 231-4500
                                        jon.vaitl@klgates.com

26

and

Morgan T. Nickerson
*(pro hac vice forthcoming)*
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, Massachusetts 02114
Telephone: (617) 261-3100
morgan.nickerson@klgates.com

*Attorneys for Plaintiff, The Hartz Mountain Corporation*